**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6496**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER LEE DAVIS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00230-RJC-DSC-1; 3:19-cv-00625-RJC)

Submitted:  June 29, 2021                    Decided:  July 2, 2021

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Christopher Lee Davis, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Davis seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 10, 2020. Davis filed the notice of appeal on March 25, 2021.[1] Because Davis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2]

---

[1] We assume that the postmark date appearing on the envelope containing the undated notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule).

[2] Even if we construe Davis' untimely notice of appeal as a motion for an extension of time to file his notice under Rule 4(a)(5), such a motion would be untimely because Davis filed it after the 30-day excusable neglect period expired. *See Dolan v. United States*, 560 U.S. 605, 610 (2010) (stating that "expiration of a 'jurisdictional' deadline prevents the court from . . . extend[ing] that deadline"). Moreover, because Davis does not allege that he did not receive notice of the court's order, Rule 4(a)(6) does not apply.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*